IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　Case No.  21-10049-1-JWB

AARON PERRY,

　　　　　　Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant Aaron Perry's motion for a sentence reduction. (Doc. 132.)  The motion is ripe for decision.[1]  (Doc. 134.)  The motion is DENIED for the reasons stated herein.

## I.　　Facts and Procedural History

On March 9, 2023, Defendant pleaded guilty to a superseding information charging him with possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1).  (Doc. 110.)  A presentence report ("PSR") was prepared by the probation office.  (Doc. 118.)  According to the PSR, Defendant was assessed one criminal history point for a prior conviction of possession of cocaine and driving under the influence in July 2009.  (Doc. 118 ¶ 41.)  As a result, Defendant's total criminal history score was one and his criminal history category was also I.  (*Id.* ¶¶ 42–43.)  Based on a total offense level of 29 and a criminal history category of I, the guideline imprisonment range was 87 to 108 months.  (*Id.* ¶ 102.)  On June 9, 2023, Defendant was sentenced to 36 months imprisonment.  (Doc. 122.)

---

[1] Defendant did not file a reply and the time for doing so has now passed.  Although Defendant's motion is titled as a motion to clarify whether the new amendments are applicable to him, the court construes the motion as one seeking a reduction under the amendments to the guidelines.

Defendant did not file an appeal.  Defendant has filed a motion to reduce his sentence in accordance with the amended guidelines.  The government objects on the basis that the amended guidelines do not impact Defendant's sentence.

## II.    Analysis

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."  *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).  Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  *See* 18 U.S.C. § 3582(c)(2).  The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023.  *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).  Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."  *See* United States Sentencing Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited March 4, 2024).

First, the amendment to the guidelines affected the number of status points that could be assigned to Defendants who committed an offense while under a criminal justice sentence.  *See* U.S.S.G. § 4A1.1(e).  Defendant, however, did not receive any status points.  Therefore, this amendment would not apply.

Second, the amendment created a new guideline for zero-point offenders.  *See* § 4C1.1. This provision applies if a defendant did not receive any criminal history points.  *Id.* § 4C1.1(a)(1). Defendant received one criminal history point for his prior conviction.  Therefore, he would not be eligible for a sentence reduction as he is not a zero-point offender.

### III.   Conclusion

Defendant's motion for a sentence reduction (Doc. 132) is DENIED.

IT IS SO ORDERED.  Dated this 4th day of March, 2024.

\_\_ s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE